UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH J. TICHENOR,<br><br>         Plaintiff,<br><br>v.<br><br>BAE SYSTEMS TECHNOLOGY SOLUTIONS & SERVICES, INC., et al.,<br><br>         Defendants. | Case No.: 20cv499 JM (BGS)<br><br>**ORDER ON MOTION FOR RECONSIDERATION** |

Presently before the court is Defendant BAE Systems Technology Solutions & Services, Inc. ("BAE")'s Motion for Reconsideration under Federal Rule of Civil Procedure 59(e) (Doc. No. 41). Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, BAE's Motion for Reconsideration is **DENIED**.

**I.    BACKGROUND**

The court's previous Order on Defendants BAE and Kari Coronado's Motion for Summary Judgment contains a thorough and accurate recitation of the basic facts of this case, which the court incorporates by reference. (*See* Doc. No. 40 at 2-3).

Of relevance to the present Motion, the court previously granted summary judgment for Defendants as to Plaintiff's disability discrimination, retaliation, and hostile

work environment claims, finding Plaintiff had failed to exhaust her administrative remedies by not timely filing charges with the Equal Employment Opportunity Commission ("EEOC") and California Department of Fair Employment and Housing ("DFEH"). *Id.* at 10.  The court further granted summary judgment for Defendants as to Plaintiff's claim for intentional infliction of emotional distress, finding this claim barred by California's Worker's Compensation Act. *Id.* at 14-15.

The court denied summary judgment as to Plaintiff's claim for constructive discharge and request for punitive damages finding that: (1) there exists a genuine dispute as to whether Plaintiff's working conditions were objectively intolerable, and her resignation coerced (*id.* at 12-13); and (2) Defendant BAE[1] had not satisfied its burden of production on Plaintiff's punitive damages claim (*id.* at 16).

In its Order, the court specifically noted that:

> BAE does not argue that Plaintiff's constructive discharge claims also fail if her retaliation, discrimination, and hostile work environment claims fail for being untimely. (*See* Doc. No. 30-1 at 10 ("Only Plaintiff's constructive discharge claim is not time barred.").)  BAE also does not argue that Plaintiff's claim for constructive discharge under Title VII fails without proving an underlying claim for retaliation, discrimination, or hostile work environment under Title VII.  This issue may need to be addressed at a later date.

*Id.* at 10, fn. 7.

Defendant BAE now challenges whether Plaintiff's constructive discharge claim can legally stand-alone.

///

///

---

[1] As the only claims that survived summary judgment were against Defendant BAE only, the court found Defendant Coronado's motion for summary judgment as to punitive damages (with respect to her as an individual) moot. (Doc. No. 40 at 16).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment.  "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'"  *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (*en banc*)) (emphasis in original).  Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Ultimately, "[w]hether or not to grant reconsideration is committed to the sound discretion of the court."  *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883).

## III.  ANALYSIS

In the present Motion, BAE argues the court's summary judgment order was clearly erroneous, because Plaintiff cannot sustain an independent cause of action for constructive discharge under Title VII and the FEHA, when the underlying claims supporting the constructive discharge claim have been dismissed.  (Doc. No. 41-1 at 9-14).

In its Opposition, Plaintiff argues BAE's Motion is both "procedurally and substantively defective."  (Doc. No. 44 at 2).  Specifically, Plaintiff argues that: (1) procedurally "BAE provides no new facts or law, or the required explanation for why the points made" in the present Motion "were not made as part of [BAE]'s original motion or reply"; and (2) substantively "BAE misconstrues the law and case authority to obfuscate the rule that separate *untimely acts* of discrimination . . . can support a *timely* constructive discharge claim, and that constructive discharge *is a claim* distinct from the underlying discriminatory act."  *Id.* at 2 (emphasis in original).

///

///

### a. Propriety of BAE's Motion

The court first considers the propriety of BAE's Motion. "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters.*, 229 F.3d at 890; *see Novato Fire Protection Dist. v. United States,* 181 F.3d 1135, 1141 n.6 (9th Cir. 1999) ("A district court has discretion to decline to consider an issue raised for the first time in a motion for reconsideration.").

Here, BAE did not previously argue Plaintiff could not sustain a stand-alone cause of action for constructive discharge if her Title VII and FEHA claims were found to be untimely. (*See* Doc. No. 40 at 10, fn. 7). In its present Motion, BAE also fails to demonstrate why it could not have presented this argument to the court in its summary judgment papers. A motion for reconsideration is not the proper vehicle by which a litigant raises a legal argument for the first time. *See Rosenfeld v. United States Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995) (a district court does not abuse its discretion "in declining to consider an argument raised for the first time on reconsideration without a good excuse.").

As such, BAE is not seeking "reconsideration" here, but rather requesting a new ruling on arguments it could have raised earlier, but did not. This is, by itself, grounds for denial. The court prefers to adjudicate issues on the merits, when the merits are properly presented, and not under the pretense that this court's earlier ruling was clearly erroneous. Accordingly, the court rejects BAE's effort to backdoor a legal argument that should have been initially presented and briefed in the underlying motion. For these reasons, BAE's Motion is **DENIED** as procedurally defective. As a courtesy to the Parties, however, the court respectfully shares its tentative analysis on the underlying merits of BAE's request with the expectation that it may guide the Parties on the question of whether to renew the challenge on the viability of Plaintiff's constructive discharge claim in a proper manner.

///

### b. Constructive Discharge

In its Motion, BAE argues the court's summary judgment was clearly erroneous because summary judgment should have been granted on Plaintiff's constructive discharge claim, as a consequence of the court granting summary judgment as to Plaintiff's Title VII and FEHA claims. (Doc. No. 41-1 at 9-14). "Clear error or manifest injustice occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Young v. Wolfe*, CV 07-03190 RSWL-AJWx, 2017 WL 2798497, at *5 (C.D. Cal. June 27, 2017) (quotations omitted).

The substantive issue is whether constructive discharge can constitute an independent cause of action under Title VII and the FEHA. First, as to Title VII, BAE's argument constructive discharge cannot act as a distinct, standalone claim was already foreclosed by a majority of the Supreme Court in *Green v. Brennan*, 136 S. Ct. 1769 (2016).

In *Green*, petitioner was passed over for a vacant postmaster position in 2008. *Id.* at 1774. Shortly thereafter, petitioner complained he was denied the promotion because of his race. *Id.* In 2009, two of petitioner's supervisors accused petitioner of intentionally delaying the mail—a criminal offense. *Id.* Petitioner and the Postal Service subsequently signed an agreement on December 16, 2009, whereby the Postal Service agreed not to pursue criminal charges in exchange for petitioner's promise to either retire or report for duty in a different state at a considerably lower salary. *Id.* Petitioner chose to retire and submitted his resignation on February 9, 2010. *Id.*

On March 22, 2010—41 days after submitting his resignation paperwork to the Postal Service, but 96 days after signing the settlement agreement—petitioner contacted an EEOC counselor to report an unlawful constructive discharge. *Id.* Petitioner subsequently filed suit in the United States District Court for the District of Colorado asserting, *inter alia*, that the Postal Service had constructively discharged him. *Id.* at 1775.

///

The District Court granted summary judgment in favor of the Postal Service, finding Petitioner had failed to make timely contact with an EEOC counselor "within 45 days of the 'matter alleged to be discriminatory[.]'" *Id.* The Tenth Circuit affirmed, finding the 45-day limitations period began to run when both Parties signed the settlement agreement. *Id.*

The Supreme Court reversed, holding that:

> [T]he limitations period should begin to run for a constructive-discharge claim only after a plaintiff resigns. At that point—and not before—he can file a suit for constructive discharge. So only at that point—and not before—does he have a "complete and present" cause of action. And only after he has a complete and present cause of action does a limitations period ordinarily begin to run.

*Id.* at 1777.

In so doing, the majority of the Supreme Court emphasized that the *Pa. State Police v. Suders*, 542 U.S. 129 (2004) decision "expressly held that constructive discharge *is a claim distinct from the underlying discriminatory act*" and this holding was "*no mere dictum*." *Id.* at 1779 (emphasis added). Specifically, the majority rejected Justice Thomas' dissenting opinion that constructive discharge is not a separate claim, but "merely allows a plaintiff to expand any underlying discrimination claim to include the damages from leaving his job, thereby increasing his available remedies." *Id.*

The majority also rejected Justice Alito's concurring opinion, which set forth two "kinds" of constructive discharge: (1) a "first kind" that "occurs when an employer subjects an employee to intolerable conditions with the specific discriminatory *intent* of forcing the employee to quit"; and (2) a "second kind" that "occurs when an employer imposes intolerable conditions for discriminatory reasons but does not *intend* to force an employee to resign." *Id.* at 1785-86. Rather than a stand-alone claim, Justice Alito construed this "second kind" of constructive discharge as "a basis for increasing damages on the underlying discrimination claim" *i.e.,* a "'constructive discharge damages

enhancement.'" *Id.* at 1787. The majority of the court, however, held Justice Alito's "sometimes-a-claim-sometimes not theory" was "contrary to the constructive discharge claim." *Id.* at 1779-80.

The court acknowledges that post-*Green*, there is still some dispute in the lower courts as to whether constructive discharge can operate as a stand-alone claim. *See Ballard v. Terros Inc.*, No. CV-19-05658-PHX-DWL, 2021 WL 1597892, at *3 n. 1 (D. Ariz. Apr. 23, 2021) ("The law is unsettled as to whether constructive discharge ever operates as a stand-alone claim."). The court's reading of *Green*, however, is consistent with other courts that have directly addressed this aspect of the Supreme Court's decision, including this District. *See Oluvic v. Azusa Pac. Univ.*, No. 3:18-CV-983-L-KSC, 2019 WL 669633, at *3 (S.D. Cal. Feb. 15, 2019) (finding defendant's argument that "constructive discharge is not a freestanding cause of action" had been "rejected" by the Supreme Court in *Green*); *Molina v. Wells Fargo Bank, Nat'l Ass'n*, No. 2:16-CV-207-DN, 2017 WL 1184047, at *10 (D. Utah Mar. 29, 2017) (noting a majority of the Supreme Court in *Green* "explained that constructive discharge is a separate claim."); *Pace v. Alfa Mut. Ins. Co.*, No. 2:13-CV-697-WKW, 2016 WL 4419290, at *3 (M.D. Ala. Aug. 17, 2016) ("[T]he United States Supreme Court recently held that constructive discharge is always a separate claim.").

Nevertheless, BAE argues Plaintiff's constructive discharge claim "necessarily relies" on the survival of Plaintiff's other claims. (Doc. No. 41-1 at 7). Constructive discharge, however, is a distinct claim that requires Plaintiff to prove different elements. Specifically, "[t]he [constructive discharge] doctrine contemplates a situation in which an employer discriminates against an employee to the point such that his 'working conditions become so intolerable that a reasonable person in the employee's position would have felt compelled to resign.'" *Green*, 136 S. Ct. at 1776. "A claim of constructive discharge, therefore, has two basic elements. A plaintiff must prove first that he was discriminated against by his employer to the point where a reasonable person

in his position would have felt compelled to resign[,]" and he "must also show that he actually resigned." *Id.* at 1777.

Instead, BAE appears to be "operating under the misperception" that Plaintiff "cannot prevail on a discrimination-based constructive discharge-claim without an accompanying stand-alone claim for discrimination." *Murray v. Williams*, No. 210CV00968JADGWF, 2017 WL 1013867, at *2 (D. Nev. Mar. 14, 2017). But there is nothing about the judgment being granted against Plaintiff on her Title VII and FEHA claims for untimeliness, that "prevents [Plaintiff] from prevailing on a claim for constructive discharge under a discrimination theory." *Id.* at *2 (allowing plaintiff's "sole remaining claim" for Title VII constructive discharge to go forward).

To the extent BAE is arguing Plaintiff cannot now prove "discrimination to the point where a reasonable person would resign" (Doc. No. 45 at 2), the court's summary judgment order did not find that any alleged mistreatment BAE directed toward Plaintiff was insufficient to rise to the level of discrimination. Instead, the court's summary judgment order found *only* that Plaintiff's Title VII and FEHA claims were untimely. (Doc. No. 40 at 5-10).

Finally, to the extent Plaintiff's constructive discharge claim is premised on the FEHA, BAE has not cited—and the court has not found—any California state authority that prohibits constructive discharge from operating as an independent, standalone claim. As a general principle however, "[s]tate court cases in discrimination and wrongful discharge contexts have generally followed the lead of the federal courts." *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1246 (1994).

///
///
///
///
///
///

## IV. CONCLUSION

For the reasons stated in Part III(a) of the Order, the court **DENIES** Defendant BAE's Motion for Reconsideration.

**IT IS SO ORDERED.**

DATED: July 21, 2021

JEFFREY T. MILLER
United States District Judge