UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH J. TICHENOR,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BAE SYSTEMS TECHNOLOGY SOLUTIONS AND SERVICES, INC., et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 20cv499-JM-BGS<br><br>**ORDER ON MOTIONS TO RETAX COSTS** |

Presently before the court is Plaintiff Deborah J. Tichenor's Motion (Doc. No. 190) and Defendant BAE Systems Technology Solutions & Services, Inc.'s Cross-Motion to Retax Costs (Doc. No. 191). Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. Having considered the Parties' arguments, the evidence, and the law, the court rules as follows.

## BACKGROUND

Plaintiff brought this action against Defendant, arising from her employment and subsequent resignation from BAE's San Diego Biometric Support Center. A jury trial commenced on May 17, 2022 on Plaintiff's claim for constructive discharge under California's Fair Housing and Employment Act ("FEHA"). (Doc. No. 134). At trial, it

1

became clear Plaintiff's theory of constructive discharge was not predicated on disability *discrimination.* For these reasons, the court conformed the jury instructions to the case that had been tried and instructed the jury on a claim for constructive discharge based on the breach of an employment contract.

On May 23, a jury returned a verdict in Plaintiff's favor, awarding Plaintiff $439,920 in damages. (Doc. No. 147). The court entered a judgment in Plaintiff's favor pursuant to the jury's findings and Defendant timely appealed. (Doc. Nos. 148; 163). On December 20, 2023, the United States Court of Appeals for the Ninth Circuit issued an unpublished memorandum disposition, reversing the judgment. (Doc. Nos. 171; 172).

On April 22, 2024, Defendant submitted a bill seeking reimbursement for costs totaling $22,225.15, to which Plaintiff objected. (Doc. Nos. 184; 188). The Clerk of Court taxed costs against Plaintiff for the full amount of $22,225.15. (Doc. No. 189). On May 15, 2025, Plaintiff filed a Motion to Retax Costs. (Doc. No. 190). On May 20, 2024, Defendant filed a Cross-Motion to Retax Costs. (Doc. No. 191). At the court's invitation, Plaintiff submitted a supplemental declaration in support of her Motion, after which Defendant filed a Sur-Reply in response. (Doc. Nos. 193; 194; 195). The court considers this matter now fully briefed and ripe for resolution.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Section 1920 [of Title 28] enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). The statute allows a judge or clerk to tax as costs: (1) "[f]ees of the clerk and marshal"; (2) "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case"; (3) "[f]ees and disbursements for printing and witnesses;" (4) "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;"; (5) "[d]ocket

fees under [28 USCS § 1923]"; and (6) "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 USCS § 1828]." 28 U.S.C. § 1920.

The Local Rules of Practice for the United States District Court for the Southern District of California provide for taxation of costs by the Clerk of Court, subject to the court's review. Local Rule 54.1(h). The District Court reviews the Clerk of Court's taxation of costs *de novo*. *See A.B. v. Cty. of San Diego*, No. 18cv1541-MMA (LL), 2021 U.S. Dist. LEXIS 6200, at *5 (S.D. Cal. Jan. 12, 2021); *K.J.P. v. Cty. of San Diego*, No. 15-cv-02692-H-MDD, 2019 U.S. Dist. LEXIS 150746, at *4 (S.D. Cal. Sep. 4, 2019).

"By its terms, [Rule 54(d)] creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000). "This discretion, however, is not without limits." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014). "Although a district court must specify reasons' for its *refusal* to tax costs to the losing party[,]" a court does not have to "specify reasons for its *decision* to abide the presumption and tax costs to the losing party." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (internal quotation marks omitted) (emphasis in original).

The Ninth Circuit has recognized "[a]ppropriate reasons for denying costs" may include "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba*, 743 F.3d at 1247–48.

## ANALYSIS

### I.   Procedural Deficiency of Plaintiff's Motion

At the outset, the court first addresses Defendant's argument Plaintiff's Motion is procedurally deficient because it fails to "specify the amount of costs taxed," pursuant to this District's Local Rules. (Doc. No. 191-2 at 7).

Under Local Rule 54.1(h), "[a] motion to retax must particularly specify the ruling of the Clerk excepted to and no others will be considered at the hearing." L.R. 54.1(h). Here, Plaintiff's Motion does not reference any particular ruling made by the Clerk of Court in the Clerk's May 9, 2024 Order. (Doc. No. 190-1). Indeed, Plaintiff's Motion to Retax Costs is nearly identical to the objections it raised to the Clerk of Court. *Compare* Doc. Nos. 188 *with* 190-1. If every Party with objections to a Clerk of Court's Order Taxing Costs simply re-filed an identical brief to the District Court, Local Rule 54.1(h) would serve no purposes. For these reasons, the court would be well within its discretion to deny Plaintiff's Motion as procedurally deficient. *Gordon v. Prudential Fin., Inc.*, No. 06CV02304-IEG (WMC), 2008 U.S. Dist. LEXIS 89258, at *6–7 (S.D. Cal. Nov. 4, 2008).

Despite this, the court prefers to adjudicate Plaintiff's Motion on the merits. The court will, therefore, exercise its discretion to consider Plaintiff's Motion to Retax. *See id.* at *4–5 ("District Courts promulgate Local Rules primarily to promote judicial efficiency, and have considerable discretion in interpreting and applying these rules.").

## II.   Merits of Defendant's Motion

### A.   *Whether Defendant's Bill of Costs Were Properly Documented*

The court starts with Plaintiff's argument Defendant "technically failed" to meet its burden to justify the amount of costs Defendant is seeking. (Doc. No. 190-1 at 7). Plaintiff's conclusory argument, supported by legal authority that is both out of circuit and not on point, is unpersuasive.

Here, Defendant's Bill of Costs outlines Defendant is seeking $22,225.15 in costs consisting of: (1) $4,584.25 in court reporter fees; (2) $10,025.50 in costs for deposition transcripts; (3) $6,598.00 in appeal bond costs; and (4) $1,017.40 in appellate costs. (Doc. No. 184-3 at 2–4). Each of these categories of cost are itemized and supported by invoices and other documentation. *Id.* at 2–48. In addition, Defendant's details how each of the claimed costs are both allowable by law and necessarily incurred in this litigation. (Doc. No. 184-2 at 4–6).

As just one example, Defendant properly outlines how trial transcripts were necessarily obtained for its Ninth Circuit appeal. As Defendant contends, the crux of Defendant's appeal "turned on whether or not [Defendant] consented to try an unpled claim of constructive discharge based on an implied breach of contract." *Id.* at 5. The Ninth Circuit was, therefore, required to possess trial transcripts to determine whether Defendant had expressly or impliedly consented to try a "contract claim." *Id.*; *see Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991) ("Without a trial transcript, the majority of [Appellant]'s contentions are unreviewable."); *see also, e.g.*, *Everett H. v. Dry Creek Joint Elem. Sch. Dist.*, 799 F. App'x 469, 471 (9th Cir. 2020) ("Without a trial transcript, we cannot review the merits of the district court's finding of no prejudicial error."); *Aytch v. Sablica*, 616 F. App'x 258, 259 (9th Cir. 2015) ("We cannot review [Appellant]'s claims of error at trial because [Appellant] failed to provide a trial transcript.").

Defendant's costs in obtaining these trial transcripts are properly itemized and supported by documentary evidence in the form of both invoices and proofs of payment. (Doc. No. 184-3 at 2–3, 7–28). Defendant goes on to set forth how these costs are allowed pursuant to this District's Local Rules and the Federal Rules of Appellate Procedure. (Doc. No. 184-2 at 5); *see* Civil L.R. 54.1(b)(2)(b) ("The cost of transcripts necessarily obtained for appeal is allowable."); Fed. R. App. P. 39(e)(2) ("The following costs on appeal are taxable in the district court for the benefit of the party entitled to costs under this rule: . . . (2) the reporter's transcript, if needed to determine the appeal[.]").

Each of Defendant's categories of costs are similarly supported. Plaintiff has not adequately specified what additional supporting detail it would have the court require or set forth any binding legal authority demonstrating how Defendant is deficient. For the above reasons, the court rejects Plaintiff's contention Defendant's Bill of Costs were improperly supported.

///

///

### B. *Escriba* Factors

The court next turns to Plaintiff's contention the court should deny Defendant any costs because, under the *Escriba* factors: (1) the issues litigated in this case were close and difficult; (2) Plaintiff possesses limited financial resources; (3) awarding costs would have a chilling effect for other individuals seeking to bring meritorious claim; and (4) there is a large economic disparity between the Parties. (Doc. No. 190-1 at 2–6). Defendant responds none of these factors warrant retaxing costs in this case. (Doc. No. 191-2 at 7–10). The court addresses each of the relevant *Escriba* factors, in turn, below.

Here, the instant case spanned over four years, including lengthy pre-trial proceedings, before culminating in five days of trial, heavily contested post-trial motions, and an appeal to the Ninth Circuit. *See* Docket. Although this extensive record does demonstrate the difficulty and closeness of the issues involved, it also reflects Plaintiff's multiple attempts to reframe the contours of her claims—including at trial. Even before trial, Plaintiff had reformulated her federal constructive discharge claim at least three times—from a retaliation-based Title VII claim, to a disability-based Title VII claim, to an ADA-based claim. (Doc. No. 100 at 6). Plaintiff's shifting approach to this litigation required considerable time to unravel.

Turning to the economic factors, there is simply "no comparison" between Plaintiff's more modest resources and BAE's. *See Draper v. Rosario*, 836 F.3d 1072, 1089 (9th Cir. 2016). Nevertheless, the significant disparity between Plaintiff and Defendant's financial resources, standing alone, "cannot justify denying costs because there is almost always a financial disparity between a corporate entity and individual litigants." *Haitayan v. 7-Eleven, Inc.*, No. CV 17-7454-JFW (JPRx), 2018 U.S. Dist. LEXIS 250905, at *11–12 (C.D. Cal. Aug. 31, 2018); *see also In re Incretin-Based Therapies Prods. Liab. Litig.*, No. 13-md-2452-AJB-MDD, 2021 U.S. Dist. LEXIS 242629, at *170 (S.D. Cal. Dec. 17, 2021) ("[T]he fact that Defendants have substantial financial resources alone is insufficient to overcome the presumption of awarding costs.").

  Regardless, "[i]ndigency is a factor that the district court may properly consider in deciding whether to award costs." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). "[T]here are no hard and fast rules for assessing a losing party's indigency or inability to pay; district courts should use their common sense in making this determination." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 464 n.5 (3d Cir. 2000). "It is not necessary to find that the plaintiffs in question are currently indigent; rather, the proper inquiry is whether an award of costs might make them so." *Rivera v. Nibco, Inc.*, 701 F. Supp. 2d 1135, 1143 (E.D. Cal. 2010).

  Here, Plaintiff submitted a declaration asserting under penalty of perjury that she currently lives and supports her aging parents and pays half their expenses. (Doc. No. 188-1 at ¶ 2). She further attests that by the end of her pay period, she is "out of money more often than not" and a $22,000 cost award would likely lead to the loss of her family's home forcing them to relocate. *Id.* at ¶¶ 3–4.

  At the court's invitation, Plaintiff submitted a supplemental declaration outlining her financial resources in more detail. (Doc. No. 193). In her supplemental declaration, Plaintiff attests her: (1) net income in 2023 after taxes was $43,000; (2) current monthly take home pay is $3,890; and (3) average monthly fixed expenses are $3,665. *Id.* at ¶ 3. Plaintiff further states she has $28,000 in savings, owes $8000 on her car, and is a co-signer of a real estate loan in the amount of $300,000. *Id.* at ¶¶ 4–5.[1] BAE responds Plaintiff's declarations paint an incomplete picture of her financial status, because Plaintiff failed to detail any 401K balance she may possess or explain what she did with the profits from selling her home in San Diego. (Doc. No. 194 at 5). Regardless, BAE contends Plaintiff is able to pay the full amount of costs but suggests, in the alternative,

---

[1] Although Plaintiff did not provide documentary evidence supporting her declarations, the Ninth Circuit has "never imposed such a requirement." *Cleveland v. Behemoth*, Nos. 23-55108, 23-55462, 2024 U.S. App. LEXIS 10697, at *7 (9th Cir. May 2, 2024).

that the court award costs in the amount of $15,000—an approximately 1/3 reduction—to reasonably account for Plaintiff's financial status. *Id.* at 6.

The court agrees Plaintiff has not demonstrated she is unable to pay or would be made indigent by an award of costs in the amount of $22,225.15.  Nevertheless, there is sufficient evidence on the record that the imposition of full costs in this case would cause Plaintiff and her family significant hardship.  The court is, therefore, hesitant to impose the full cost award, when doing so would "lead to a harsh result when plaintiff is an individual litigant and defendant is a large corporation." *Schaulis v. CTB/McGraw-Hill, Inc.*, 496 F. Supp. 666, 680 (N.D. Cal. 1980).  Instead, the wide disparity between the Parties' financial resources encourages the court to reduce the costs taxed to a more equitable sum.  *See Draper*, 836 F.3d at 1089 (noting plaintiff's limited financial resources is an appropriate reason "for a reduction in the amount awarded to the prevailing party[.]"); *Gurshin v. Bank of Am., N.A.*, No. 2:15-cv-00323-GMN-VCF, 2019 U.S. Dist. LEXIS 201047, at *5 (D. Nev. Nov. 19, 2019) (reducing costs award from $27,668.95 to $5,000); *Coulter v. Newmont Gold Co.*, 873 F. Supp. 394, 398 (D. Nev. 1994) (reducing costs award from $ 6,720.58 to $ 4,200.00).

The court will, therefore, reduce the costs award in this case to $14,817 (approximately 2/3 of the original cost award).  In so doing, the court finds a total sum of $14,817 is not an exorbitant amount of costs to tax a losing party in a case litigated for over four years, through trial and an appeal.  *See Rosa v. City of Seaside*, No. C 05-03577 JF, 2010 U.S. Dist. LEXIS 33015, at *10 (N.D. Cal. Feb. 16, 2010) (finding $35,000 cost award not "an exorbitant amount of costs" for a case litigated for more than three years to the eve of trial).  Indeed, Plaintiff herself concedes the full costs award of $22,225.15 is not an "extraordinarily high" amount. (Doc. No. 190-1 at 5).  Plaintiff is employed, has a monthly income sufficient to cover her expenses while still having some remaining discretionary income, and is able to pay the $14,817 cost award while still being left with almost half her savings. (Doc. No. 193 at ¶¶ 3–5).

///

By retaxing costs to a more modest amount, the court takes into account any chilling effect the full measure of costs could have on potential litigants from pursuing meritorious claims against their employers. In so doing, the court rejects Plaintiff's contention costs should be reduced to zero. All plaintiffs, regardless of their means, "should be forced to weigh whether the filing of their claim is worth the potential costs." *Duvigneaud v. Garcia*, No. 04cv580 BTM (WMc), 2007 U.S. Dist. LEXIS 49008, at *3–4 (S.D. Cal. July 5, 2007). Otherwise, "[t]o allow plaintiffs to file cases without the risk of bearing the costs of an unsuccessful action would create an inequity in favor of filing plaintiffs and an inefficiency in the courts." *Id.*; *see also Gurshin*, 2019 U.S. Dist. LEXIS 201047, at *6–7 ("[T]he Court is mindful that declining to award costs may encourage frivolous litigation and needlessly vexatious tactics because plaintiffs of modest means would have little incentive to avoid such behavior."); *Rosa*, 2010 U.S. Dist. LEXIS 33015, at *11 ("[I]t would be inequitable to allow Plaintiffs to insulate themselves entirely from payment of Defendant's costs based solely on their economic condition."). Plaintiff should be responsible for an amount of costs she can reasonably afford.

## CONCLUSION

For the reasons set forth above, the court **GRANTS-IN-PART** and **DENIES-IN-PART** Plaintiff and BAE's Cross-Motions to Retax Costs. The Motions are **GRANTED** insofar as the court reduces the costs taxed against Plaintiff to $14,817. The court **DENIES** Plaintiff's request to eliminate all costs taxed and **DENIES** BAE's request to tax Plaintiff in the full amount of $22,225.15.

**IT IS SO ORDERED.**

DATED: July 1, 2024

JEFFREY T. MILLER
United States District Judge